UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80368-CIV-MARRA

EDWARD RHODES,

Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A., and
CHASE HOME FINANCE, LLC d/b/a
CHASE HOME MORTGAGE,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint (DE 4). The motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff Edward Rhodes ("Rhodes") brings this Complaint to Quiet Title against Defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and Chase Home Finance, LLC d/b/a Chase Home Mortgage ("Chase") ("Defendant")[1] for property owned in fee simple at 701 North Andrews Avenue, Delray Beach, Florida. (Compl. ¶ 1.)  Plaintiff's title, as evidenced by the Warranty Deed from Prime Homes at North Beach LTD to Plaintiff, dated January 16, 2003, is recorded at Official Record Book 14814, Page 0684, Public Records Palm Beach County,

---

[1] Defendant JP Morgan Chase Bank, N.A. states that it is successor by merger to Chase Home Finance, LLC d/b/a Chase Home  Mortgage. (Mot. at 1.)  The Complaint also alleges that Chase Home Finance, LLC is owned by JPMorgan Chase Bank. (Compl. ¶ 5.)  For that reason, the Court will refer to it as one entity.

Florida. (Id. at ¶ 2; Warranty Deed, Ex. A, DE 1-1.)  JP Morgan is named as the "lender" on Plaintiff's Mortgage, which was recorded on October 12, 2006 in the Official Record Book 20954, page 1312 of the Public Records of Palm Beach County, Florida. (Compl. ¶ 3; Mortgage, DE 1-1 at 8.)  There is no record of any assignment of the mortgage recorded in the Official Records of Palm Beach County, Florida. (Compl. ¶ 4.)  Chase has been identified as the servicer of Plaintiff's mortgage.[2] (Id. at ¶ 5.)

Plaintiff received a letter from Defendant dated August 29, 2011 which stated that the "investor" for his mortgage is "US Bank." (Id. at ¶ 7; August 29, 2011 letter, DE 1-1 at 24.) Plaintiff forwarded that letter to US Bank, who responded by letter dated October 3, 2011 that US Bank does not hold Plaintiff's original mortgage note and it is not the investor on his loan. (Compl. ¶ 8; October 3, 2011 letter, DE 1-1 at 25.)  Next, Plaintiff sent another letter to

---

[2] Paragraph 20 of the mortgage states in part:

> The Note or n [sic] partial interest in the Note (together with this Security Interest) can be sold one or more times without prior notice to the Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and Ibis [sic] Security Instrument rind [sic] performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also, might be one or more changes of the Loan Servicer unrelated to the sale of the Note.  If there is a change of the Loan Servicer, Borrower will heaven [sic] written notice of the change which wilt [sic] state the name and address of the new Loan Servicer, the address to which payments should be made and any other inforrnahon [sic] RESPA requires in connection with rr [sic] notice of transfer of servicing. It' [sic] the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer cr be nansferred [sic] to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

(Mortgage ¶ 20.)  The Court has never seen a more carelessly prepared provision in a contract. Whoever prepared this provision or permitted it to be used in a commercial transaction should be embarrassed.

2

Defendant asking if Defendant currently holds its note and has "standing" to approve a settlement or short sale. Plaintiff also requested that Defendant state whether his loan had been securitized and, if so, to provide the name of the trust to which it was transferred. (Compl. ¶ 9, October 17, 2011 letter, DE 1-1 at 26.)  Defendant responded on October 25, 2011, but did not state whether it was the current holder of the note or whether the loan had been securitized.  Instead, it stated that the investor for the loan is JPMorgan. (Compl. ¶ 10; October 25, 2011 letter, DE 1-1 at 27.)

Plaintiff again corresponded with US Bank, who responded that, with respect to the loan, Chase Home Mortgager is the servicer, US Bank is the master servicer, JPMorgan is the issuing entity, HSBC Bank USA, National Association is the trustee, Bank of N.Y. Trust, National Association is the custodian and JP Morgan Alternative Loan Trust 2006-A7 is the name of the trust.  (Compl. ¶ 13; November 2, 2011 letter, DE 1-1 at 29.)   Plaintiff followed up with another letter to Defendant, dated November 17, 2011, which asked for the identity of the holder of Plaintiff's note and the name of the REMIC/Trust to which his note was transferred when it was securitized.  This letter also acknowledged that "Chase is servicer of my loan."  (Compl. ¶ 15; November 17, 2011 letter, DE 1-1 at 30.)  In response, Defendant's November 30, 2011 letter provided copies of the note and security instrument and stated that Defendant is the investor for the loan. (Compl. ¶ 16; November 30, 2011 letter, DE 1-1 at 31.)

The Securities and Exchange Commission ("SEC") Registration Prospectus, the Prospectus Supplement and the Pooling and Servicing Agreement outlines the steps necessary to bundle individual mortgage notes into a REMICI Trust for the benefit of investors. (Compl. ¶ 18.)  Defendant sold Plaintiff's note and was paid in full in compliance with the Pooling and Servicing Agreement. (Id. at ¶ 18.)  Therefore, Defendant does not own Plaintiff's note nor does

it have standing to foreclose, approve a loan modification or a short sale. (Id. at ¶ 20.)  As such, there is a defect in the chain of title. Defendant has violated both state and federal law and Defendant has no legal or equitable right, claim or interest in the subject property.  (Id. at 24.)

Defendant moves to dismiss the Complaint on the basis that, even taking all the allegations in the Complaint as true, Defendant has a legal interest in the mortgage and standing to foreclose based on its status as servicer of the loan.  In response, Plaintiff states that Defendant ignores its claim that Defendant is no longer the owner of the note and mortgage due to securitization, making the existing recorded mortgage identifying Defendant as such a cloud on the title. In reply, Defendant reiterates that it has legal interest in the property as the servicer of the mortgage note, Florida law provides for a change in ownership of a security instrument without release from the instrument's underlying obligations and that it is not required to record its subsequent assignment of the note and mortgage.

II.  Legal Standard

With respect to the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations

omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

The Complaint alleges that the recorded mortgage is null and void because Defendant has no rights to the mortgage, there is a defect in a chain of title, the conveyances of the note and mortgage were not properly recorded or assigned and Defendant violated SEC requirements. (Compl. ¶¶ 20-24,)  Defendant seeks dismissal of the Complaint by claiming that, even assuming the allegations of the Complaint are taken as true, Defendant is the servicer[3] of Plaintiff's loan and therefore possesses a legal interest in the mortgage and has standing to foreclose.

The Court agrees with Defendant that, under certain circumstances, a servicer of a loan

---

[3] While Plaintiff has attached a letter to the Complaint which states that "[w]e know that Chase is servicer of my loan" (November 17, 2011 letter), Plaintiff states in his response memorandum that multiple servicers have been identified and it is unclear who is the servicer. (Resp. at 3.)  Upon amendment, Plaintiff should clarify this apparent inconsistency.

has standing to foreclose on the loan.  Indeed, in the bankruptcy context, the United States Court of Appeals for the Eleventh Circuit held that a loan servicer is a "real party in interest with standing to conduct. . . the legal affairs of the investor relating to the debt that it services." Greer v. O'Dell, 305 F.3d 1297, 1302 (11th Cir. 2002) (internal quotation marks omitted).  Moreover, Florida courts have found standing for Mortgage Electronic Registration System, Inc. (MERS), as either mortgagee, nominee for lender, or assignee of record by a recorded assignment, despite not having a beneficial interest in the note. See Mortgage Elec. Registration Sys., Inc. v. Azize, 965 So. 2d 151, 153 (Fla. Dist. Ct. App. 2007) (MERS entity serving as nominee for the lender which alleged that it is the owner and holder of the note and mortgage has standing to proceed with a foreclosure action); Mortgage Elec. Registration Sys., Inc. v. Revoredo, 955 So. 2d 33, 34 (Fla. Dist. Ct. App. 2007) (MERS entity which acts as collection and litigation agent for current owner of notes and mortgages has standing to bring foreclosure action); Taylor v. Deutsche Bank Nat'l Trust Co., 44 So. 3d 618, 623 (Fla.  Dist. Ct. App. 2010) (valid assignment from MERS to another lender gave that lender standing to bring foreclosure action).  None of these cases, however, address the particular allegations of this Complaint; namely, the standing of this Defendant when the note is held in a securitized mortgage trust. (Compl. ¶¶ 14, 17, 19.)

      Nonetheless, this action is not a foreclosure action. Instead, it is an action to quiet title and declare the mortgage null and void based on various violations of state and federal law. For example, Plaintiff contends that none of the conveyances were recorded or properly assigned as required by state and federal law. (Id. at ¶¶ 18, 22; Resp. at 3-4.)  According to Plaintiff, these deficiencies have created a defect in the chain of title. (Compl. ¶ 23.)  The Complaint, however, is unclear as to the specific violations of state and federal law.  For example, the Court

is unable to discern whether, as suggested by Defendant, Plaintiff's action rests solely on the claims that Defendant does not have a legal interest in the note because it was already paid on the note or because the conveyance of the note was not recorded.[4]  (Reply at 3-4.)  Therefore, Plaintiff should amend to provide the necessary specificity.

IV. Conclusion

Defendant's Motion to Dismiss Plaintiff's Complaint (DE 4) is **DENIED**.  **Within 14 days from the date of this Order**, Plaintiff shall amend the Complaint consistent with the directives in this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of June, 2012.

_____
KENNETH A. MARRA
United States District Judge

---

[4] It is true that "[t]ransfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course."  Thus, the transfer would not discharge Plaintiff's obligation even if Defendant was paid.  Fla. Stat. § 673.3021; see Horvath v. Bank of New York, N.A., No. 1:09-cv-01129, 2010 WL 538039, at * 2 (E.D. Va. Jan. 29, 2010) (dismissing the plaintiff's quiet title claim and noting, under a similar provision to Florida Statute § 673.3021, that the plaintiff was not discharged from this obligation under the note because of the original lenders' sale and assignment of the notes).   Likewise, a failure by Defendant to record its assignment is "applicable only to and enforceable by competing creditors or subsequent bona fide purchasers of the mortgagee, not by the mortgagor."  JP Morgan Chase v. New Millennial, LC, 6 So. 3d 681, 685 (Fla. Dist. Ct. App. 2009) (quoting In re Halabi, 184 F.3d 1335, 1338 (11th Cir. 1999)) (internal parenthesis omitted).