UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80368-CIV-MARRA

EDWARD RHODES,

Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A., and
CHASE HOME FINANCE, LLC d/b/a
CHASE HOME MORTGAGE,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Amended Complaint (DE 19). The motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

On June 28, 2012, the Court granted Defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and Chase Home Finance, LLC d/b/a Chase Home Mortgage's ("Chase")[1] ("Defendant") motion to dismiss the Complaint and granted Plaintiff Edward Rhodes ("Rhodes" "Plaintiff") leave to amend the Complaint to provide specificity as to the specific violations of state and federal law. Plaintiff now brings this Amended Complaint to Quiet Title and

---

[1] Defendant JP Morgan Chase Bank, N.A. states that it is successor by merger to Chase Home Finance, LLC d/b/a Chase Home Mortgage. (Mot. at 1.) The Complaint also alleges that Chase Home Finance, LLC is owned by Chase Bank. (Am. Compl. ¶ 5.) For that reason, the Court will refer to it as one entity.

Declaratory Judgment against Defendant for property owned in fee simple at 701 North Andrews Avenue, Delray Beach, Florida. (Am. Compl. ¶ 1.)   The allegations of the Amended Complaint follow:

Plaintiff's title, as evidenced by the Warranty Deed from Prime Homes at North Beach LTD to Plaintiff, dated January 16, 2003, is recorded at Official Record Book 14814, Page 0684, Public Records Palm Beach County, Florida. (Am. Compl. ¶ 2; Warranty Deed, Ex. A, DE 17-1.)  There is no record of any assignment of the mortgage recorded in the Official Records of Palm Beach County, Florida. (Am. Compl. ¶ 4.)  Chase has been identified as the servicer of Plaintiff's mortgage. (Am. Compl. ¶ 5.)

Plaintiff received a letter from Defendant dated August 29, 2011 which stated that the "investor" for his mortgage is "US Bank." (Am. Compl. ¶ 7; August 29, 2011 letter, DE 17-3.) Plaintiff forwarded that letter to US Bank, who responded by letter dated October 3, 2011 that US Bank does not hold Plaintiff's original mortgage note and is not the investor on his loan. (Am. Compl. ¶ 8; October 3, 2011 letter, DE 17-4.)  Next, Plaintiff sent another letter to Defendant asking if Defendant currently holds its note and has "standing" to approve a settlement or short sale. Plaintiff also requested that Defendant state whether his loan had been securitized and, if so, to provide the name of the trust to which it was transferred. (Am. Compl. ¶ 9, October 17, 2011 letter, DE 17-E.)  Defendant responded on October 25, 2011, but did not state whether it was the current holder of the note or whether the loan had been securitized.  Instead, it stated that the investor for the loan is JPMorgan. (Am. Compl. ¶¶10-11; October 25, 2011 letter, DE 17-6.)  Upon information and belief, the investor has later been identified as U.S. Central Federal Credit Union. (Am. Compl. ¶ 12.)

Plaintiff again corresponded with US Bank, who stated that, the subject mortgage was bundled into a Real Estate Mortgage Investment Conduit ("REMIC") Trust. (Am. Compl. ¶ 13; Nov. 2, 2011 letter, DE 17-7.)   Plaintiff followed up with another letter to Defendant, dated November 17, 2011, which asked for the identity of the holder of Plaintiff's note and the name of the REMIC/Trust to which his note was transferred when it was securitized. (Am. Compl. ¶ 15; November 17, 2011 letter, DE 17-8.)  In response, Defendant's November 30, 2011 letter provided copies of the note and security instrument and stated that Defendant is the investor for the loan. (Am. Compl. ¶ 16; November 30, 2011 letter, DE 17-9.)

At the same time, Plaintiff received contradictory information, which included identifying multiple servicers, and identifying Chase Bank as the originator, Chase Home Mortgage as the sub-servicer, US Bank N.A. as the master servicer and securities administrator, HSBC Bank USA, N.A. as the Trustee, J.P Morgan Acquisition Corp. as the sponsor and mortgage loan seller, J.P. Mortgage Acceptance Corp. I as the depositor, Bank of New York Trust Co., N.A. as the custodian, J.P. Morgan Securities, Inc. as a SEC-registered broker-dealer and the selling underwriter for the JP Morgan Alternative Loan Trust 2006-A7 ("Trust"), and U.S. Central Federal Credit Union as the investor of the subject REMIC/Trust. (Am. Compl. ¶ 17.)

The Securities and Exchange Commission ("SEC") Registration Prospectus, the Prospectus Supplement and the Pooling and Servicing Agreement outline the steps necessary to bundle individual mortgage notes into a REMIC/Trust for the benefit of investors. (Am. Compl. ¶ 18.)  Defendant sold Plaintiff's note and was paid in full for the purpose of the Note being securitized and bundled into the REMIC/Trust. (Am. Compl. ¶ 19.)  The SEC and Trust requirements include: (1) that the transfer of the mortgage and note be accompanied by an

assignment of the mortgage in recordable form; (2) that prior to the transfer of the loan documents to the Trust, the mortgage loan documents be for the benefit of the depositor and (3) that the depositor provide the assignment to the trust and, as a result, convey all of its rights, title and interest in the loan documents to the Trust. (Am. Compl. ¶ 20.)  All of the requirements to transfer the loan documents were not complied with; namely, the assignments were not in recordable form, no assignment was made to the depositor before the loan documents were transferred to the Trust, which makes the depositor unable to convey any interest in the loan documents to the Trust, as required by the Trust documents. (Am. Compl. ¶ 21.)  Thus, the loan documents are not part of the Trust, and because Defendant has received payment in full for the Note, the loan documents have been satisfied by such payment as it relates to Defendant. (Am. Compl. ¶ 22.)  Alternatively, if the transfer of the loan documents was proper, Defendant has relinquished ownership rights in the loan documents by virtue of the transfer. (Am. Compl. ¶ 23.)

      Defendant does not own the note or mortgage and cannot approve a loan modification or a short sale. (Am. Compl. ¶ 24.)  Defendant has no ownership rights to the mortgage because they have been paid in full. (Am. Compl. ¶ 25.)  The lack of proper transfer of the loan document to the Trust or any third-party in conjunction with Defendant having been paid in full, means the mortgage as presently recorded and unsatisfied is invalid. (Am. Compl. ¶ 26.)  There is a defect in the chain of title making the mortgage unenforceable. (Am. Compl. ¶ 27.)  Since Defendant is not the proper owner of the note, the mortgage is unenforceable and a cloud on Plaintiff's title. (Am. Compl. ¶ 28.)

      Defendant moves to dismiss the Amended Complaint, claiming that Plaintiff has not stated a claim to quiet title under Florida law because: (1) Plaintiff does not have standing to

argue that Defendant failed to comply with the pooling and service agreement; (2) Defendant has a legal interest in the note, despite the fact that the note was securitized; (3) Plaintiff's obligation under the mortgage is not discharged because Defendant was paid on the note as a result of securitization and (4) Plaintiff has not met the requirements for a declaratory judgment action.

II. Legal Standard

With respect to the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a

plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

A plaintiff seeking to quiet title to property or remove a cloud on property must show with clearness, accuracy, and certainty the validity of his or her title and the invalidity of the title of the opposing party.  See Brickell v. Trammell, 82 So. 221, 229 (Fla. 1919); Huckins v. Duval County, 147 So. 2d 551, 552 (Fla. Dist. Ct. App. 1962).  Here, Plaintiff attempts to show the invalidity of Defendant's title by making the following claims: (1) Because Defendant is no longer the owner of the note and mortgage, the existing recorded mortgage listing Defendant as the mortgagee is a cloud on the title; (2) Defendant has received full payment for the note; (3) Defendant has relinquished any ownership rights in the note when the loan documents were transferred and (4) the parties to the Pooling and Service Agreement governing the securitization of Plaintiff's mortgage loan did not comply with that agreement or the SEC registration process.

With respect to a challenge to either the validity of mortgage's assignment or transfer based on Defendant's failure to comply with Pooling and Service Agreement, Plaintiff has no standing to raise this argument.  See In re Canellas, No. 6:11–cv–1247–Orl–28DAB, 2012 WL 868772, at * 3 (M.D. Fla. Mar. 14, 2012) (standing to challenge validity of assignment of mortgage for failure to comply with pooling and service agreement requires status as a party to that agreement, a third-party beneficiary or an investor in the pooled mortgages); Correia v. Deutsche Bank National Trust Co., 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011) (same). As such,

this cannot be a basis for Plaintiff's quiet title action.[2]

Nor does subsequent securitization of a note deprive Defendant of any legal interest in the note. As stated in the Court's prior Order, the United States Court of Appeals for the Eleventh Circuit has held that a loan servicer is a "real party with interest in the standing to conduct. . .the legal affairs of the investor related to the debt it services."[3] Greer v. O'Dell, 305 F.3d 1297, 1302 (11th Cir. 2002). Indeed, in cases where a mortgage has been transferred to a securitized mortgage trust, the servicer is a party in interest that may commence a legal action against the borrower as long as the trustee of the mortgage trust joins or ratifies the action.[4] See In re Rosenberg, 414 B.R. 826, 842 (Bankr. S.D. Fla. 2009); Elston/Leetsdale, LLC v. CWCapital Asset Mgmt., LLC, 87 So. 3d 14, 17 (Fla. Dist. Ct. App. 2012); CW Capital Asset Management, LLC v. Chicago Props., LLC, 610 F.3d 497, 499-502 (7th Cir. 2010); see also Riggs v. Aurora

---

[2] Nor is the Court persuaded by Plaintiff's reliance on US Bank N.A. v. Ibanez, 941 N.E.2d 40 (Mass. 2011) or Horace v. LaSalle Bank N.A., et al., No. CV 08-362 (Ala. Cir. Ct. Mar. 25, 2011) (provided by Plaintiff, DE 26-1). Ibanez placed the burden on lenders in the foreclosure context to establish that mortgages had been assigned to them by the time they sent pre-foreclosures notices and noted that unsigned securitization agreements were insufficient for that purpose. Id. at 50. The facts in Ibanez took place in the foreclosure context and were particularly concerned with the "carelessness" in documenting the authority to foreclose, as opposed to taking issue with securitization arrangements. Id. at 55 (Cordy, J., concurring.) The Horace case is a memorandum order which does not provide any legal authority or factual background, therefore it is of limited use and is neither binding nor persuasive.

[3] Although Plaintiff's response (Resp. at 6) states it is unclear who is the servicer on the loan, the Amended Complaint actually alleges that Plaintiff was provided with contradictory information regarding the *investor* of Plaintiff's loan. (Am. Compl. ¶¶ 7-8.)

[4] Moreover, the Court rejects Plaintiff's argument that there is a cloud on the title because while Defendant is no longer the owner of the mortgage and note, the existing recorded mortgage nonetheless states that Defendant is the mortgagee. See In re Halabi, 184 F.3d at 1338 (Florida statute that requires the recording of assignment of mortgage in order for assignee to have priority over creditors or bona fide purchasers was applicable to, and enforceable by, only competing creditors or subsequent bona fide purchasers of mortgagee, and not mortgagor).

Loan Services, LLC, 36 So. 3d 932, 933-34 (Fla. Dist. Ct. App. Dist. 2010) (loan servicing company's possession of an original note, indorsed in blank, was sufficient to establish that it was the lawful holder of the note, entitled to enforce its terms).  Here, Defendant did not commence a legal action against Plaintiff.  Rather, Plaintiff is seeking to quiet title against Defendant.  Furthermore, as noted in the Court's prior Order, the fact that Defendant was paid on the note when the note was securitized does not mean the mortgage is now invalid.  Fla. Stat. § 673.3021; see Horvath v. Bank of New York, N.A., No. 1:09-cv-01129, 2010 WL 538039, at * 2 (E.D. Va. Jan. 29, 2010) (dismissing the plaintiff's quiet title claim and noting, under a similar provision to Florida Statute § 673.3021, that the plaintiff was not discharged from this obligation under the note because of the original lenders' sale and assignment of the notes).

Finally, because Plaintiff's claim to quiet title cannot proceed, the declaratory judgment claim does not survive dismissal.  In this case, the Court finds that any amendment to the Complaint would be futile and unduly prejudicial to Defendant.  See Hall v. United Ins. Co. of America, 367 F.3d 1255, 1262–63 (11th Cir. 2004); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (DE 19) is **GRANTED**.  The Amended Complaint is dismissed with prejudice.  The case is closed and all pending motions are denied as moot.  The

Court will separately issue judgment for Defendant.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of November, 2012.

_____
KENNETH A. MARRA
United States District Judge